IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Rose, ) | C.A. No. 8:25-cv-03866-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Guardian Life Insurance Company of ) | |
| America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's motion to dismiss and to strike. ECF No. 8. Plaintiff filed a response consenting to the dismissal of his state law claims as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and Defendant filed a reply.[1] ECF Nos. 10, 11. Accordingly, this matter is ripe for consideration.

## **BACKGROUND**[2]

The relevant facts are as follows: Plaintiff contracted with Defendant for a long term disability policy effective on January 1, 2029. ECF No. 1-1 at 2. Plaintiff became permanently disabled while covered by the insurance policy. *Id.* at 3. Plaintiff made a

---

[1] On June 6, 2025, Plaintiff requested leave to file a sur-reply. ECF No. 15. On June 10, 2025, the Court denied the motion with leave to refile and, in the event that Plaintiff chose to refile the motion, directed Plaintiff "to comply with the undersigned's standing order on sur replies." *Id.* In relevant part, the undersigned's standing order directs a party to attach a proposed sur-reply and consult with opposing counsel prior to filing the motion. Plaintiff has not refiled the motion.

[2] The facts in this section are taken from the complaint.

1

claim for long term disability under the policy, and Defendant calculated Plaintiff's monthly payments to be $10,417.00. *Id.* at 5. Plaintiff appealed in August 2020. *Id.* Defendants communicated with Plaintiff that the corrected amount would be $12,171.00. *Id.* There have been numerous issues with payments and Defendant's requirements for ongoing proof of loss through 2024. *Id.* at 6. Plaintiff brings claims for breach of contract, bad faith, improper claim practices, and violations of ERISA. Plaintiff requests a jury trial. ECF No. 1-1 at 3.

## APPLICABLE LAW

***Motion to Dismiss***

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the

nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## ANALYSIS

As stated above, Plaintiff consents to the dismissal of his state law claims. Accordingly, they are dismissed. The response did not mention whether he consents to the request to strike his demand for a jury trial or the request to dismiss his claim for statutory penalties, his claim for punitive and extra-contractual damages, or his ERISA claims as barred by the statute of limitations. The Court turns first to the statute of limitations question.[3]

---

[3] The Court briefly notes that, while Plaintiff's counsel was certainly responsible for reading and, ideally, responding to all of Defendant's motion, it is odd that Defendant's cover page for the motion does not mention dismissal of Plaintiff's ERISA claims in their totality. ECF No. 8 at 1 ("Motion to Dismiss Plaintiff's State-Law Claims and to Strike Demand for Jury Trial Pursuant to ERISA"). Neither the title for the memorandum in support ("Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's State-Law Claims and to Strike Demand for a Jury Trial Pursuant to ERISA") nor the conclusion of the motion ("Defendant The Guardian Life Insurance Company of America respectfully requests that this Court dismiss Plaintiff's state-law claims and requests for extra-contractual damages and statutory penalties pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and strike any demand for a jury trial, as such claims and demand are preempted and foreclosed by ERISA.") mention complete dismissal. ECF No. 8-1.

Here, it appears that Plaintiff brings more than one ERISA claim, including breach of fiduciary duty. ECF No. 1-1. A court in this district has recognized that the ERISA statute provides a statute of limitations for breach of fiduciary duty claims. *Cherochak v. Unum Life Ins. Co. of Am.*, 586 F. Supp. 2d 522, 530 (D.S.C. 2008) ("In sum, this court concludes that § 1113 applies to all claims for a breach of fiduciary duty pursuant to ERISA."). As to Plaintiff's other ERISA claims, the policy sets forth the applicable limitations period. *See M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015) ("[T]he rule that contractual provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA welfare benefits plan . . . ."). "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013). Here, the policy provides: "**Legal Actions**: No legal action against this Policy shall be brought until 60 days from the date proof of loss has been given as shown above. No legal action shall be brought against this Policy after three years from the date of the final benefit determination." ECF No. 1-2 at 54. The Supreme Court has held that a three-year contractual limitations period for an ERISA claim was not unreasonably short. *Heimeshoff*, 134 S. Ct. at 612.

Defendant asserts that the statute of limitations began to run on January 8, 2021. ECF No. 8-1 at 10. Defendant cites to ECF No. 1-1 at 5 ¶ 16. Paragraph 16 of the complaint states that "Defendant responded to the appeal in January of 2021, stating that after further review they have found an error in their initial calculation of Plaintiffs monthly benefit, and the corrected amount will be $12,171.00." It is unclear where the January 8

4

date is coming from. Moreover, the complaint contains allegations that Defendant unreasonably required proof of loss in December 2024. ECF No. 1-1 at 6. In short, it is unclear from the record currently before the Court, whether the statute of limitations is applicable in this action. *See Townsley v. Lifewise Assurance Co.*, No. C15-1228-JCC, 2016 WL 1393548, at *4 (W.D. Wash. Apr. 8, 2016); *Himes v. Provident Life & Accident Ins. Co.*, No. 3:19-CV-00215, 2020 WL 9935825 (M.D. Tenn. Jan. 28, 2020), *report adopted sub nom.*, 2020 WL 9935829 (M.D. Tenn. Mar. 3, 2020). Accordingly, dismissal is inappropriate at this early stage. *Busha v. S.C. Dep't of Mental Health*, No. 6:18-CV-2337-DCC-KDW, 2019 WL 653969, at *2 (D.S.C. Jan. 28, 2019), *report adopted sub nom.* 2019 WL 651680 (D.S.C. Feb. 13, 2019) ("However, in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint.") (cleaned up).

Turning to Plaintiff's claim for statutory penalties, the Court finds that this claim is subject to dismissal. The penalties provided for in ERISA § 502 apply only to plan administrators, which the statute defines as "the person specifically so designated by the terms of the instrument under which the plan is operated," or, if the plan itself does not designate an administrator, as "the plan sponsor." 29 U.S.C. § 1002(16)(A). *See also Caffey v. UNUM Life Ins. Co.,* 302 F.3d 576, 585 (6th Cir.2002) ("only plan administrators are liable for statutory penalties under § 1132(c) . . . . [A]n insurance company, which is not a plan administrator, cannot be liable for statutory damages for failure to comply with an information request."); *Fetter v. UNUM Life Ins. Co. of Am.*, No. CIVA 2:05-2200 DCN,

2006 WL 2303184, at *2 (D.S.C. Aug. 8, 2006). Here, the plan administrator is identified as Barnes Group, Inc. ECF No. 1-2 at 395. Accordingly, Plaintiff's asserted cause of action against this Defendant for a violation of § 502(c) must fail.[4]

Finally, the Court turns to Defendant's request to strike Plaintiff's jury demand. ERISA does not expressly address whether a plaintiff is entitled to a jury trial. *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985). But because ERISA provides essentially equitable relief for which jury trials typically do not lie, ERISA claims are tried before the Court. *Wladowski v. Kaydon Ring & Seal, Inc.*, No. CV RDB 06-506, 2006 WL 8456815, at *3 (D. Md. Dec. 12, 2006) (citing *Berry*, 761 F.2d at 1007); *Williams v. Centerra Grp., LLC*, 579 F. Supp. 3d 778, 781 (D.S.C. 2022); *see also Phelps v. C.T. Enters., Inc.*, 394 F.3d 213, 222 (4th Cir. 2005); *Scarinci v. Ciccia*, No. CIV.A.93-CV-3662, 1994 WL 675244, at *1 (E.D. Pa. Nov. 22, 1994). Accordingly, Defendants' motion to strike the jury demand is granted.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss [8] is **GRANTED in part** and **DENIED in part**. Defendant's motion to strike [8] is **GRANTED**. The stay in this action is lifted. Counsel are directed to submit a joint proposed amended Specialized Case Management Order within 14 days.

IT IS SO ORDERED.

---

[4] Any claims for punitive and extra-contractual damages also fail. *See Smith-Phifer v. City of Charlotte*, 118 F.4th 598, 617 (4th Cir. 2024) (noting that in *Hemelt v. United States*, 122 F.3d 204, 209 (4th Cir. 1997), "the plaintiffs sued under ERISA, which categorically barred extracontractual or tort-like damages" (internal quotation marks omitted)); *Wertheim v. Hartford Life Ins. Co.*, 268 F. Supp. 2d 643, 658 (E.D. Va. 2003) ("ERISA does not provide for the recovery of punitive damages by an individual beneficiary like himself.").

                                                                <ins>s/ Donald C. Coggins, Jr.</ins>
                                                                United States District Judge

October 21, 2025
Spartanburg, South Carolina